UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE FLAHERTY,

        Plaintiff,

  -v-

LINDSEY S. DIXON, et al,

        Defendants.

22 Civ. 2642 (LGS)

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
PLAINTIFF MARIE FLAHERTY FOR CLARIFICATION IN PART OF THE COURT'S
FEBRUARY 16, 2023 OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART PLAINITIFF'S MOTION FOR LEAVE TO REPLEAD
A SECOND AMENDED COMPLAINT

MARIE FLAHERTY,
*Plaintiff, pro se*
511 Avenue of the Americas #310
New York, New York 10011
Telephone: (212) 863-9631
mflaherty0777@gmail.com

1

**PRELIMINARY STATEMENT**

Plaintiff Marie Flaherty ("Plaintiff") respectfully submits this memorandum of law in support of her motion, pursuant to Local Rule of United States District Courts for the Southern and Eastern Districts of New York ("Local Rule") 6.3, for clarification in part of the Court's Opinion and Order issued on February 16, 2023 (Dkt. No. 58) (the "February 16 Order"), which granted in part Plaintiff's Motion to Replead a Proposed Second Amended Complaint ("PSAC"), Dkt. No. 58, with clarification solely concerning the proposed defendants - other than Dixon and Cumberland who were already specifically named in the February 16 Order - that Plaintiff was granted leave to replead the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL") and New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL") retaliation claims against. February 16 Order at pp. 33-34.

Plaintiff seeks clarification as to whether the identities of the May 1, 2020 WFM manager and an additional Amazon manager were mistakenly believed to be unknown by the Court and/or not named in the PSAC, and were inadvertently not named as part of the defendants to which Plaintiff could replead her NYSHRL and NYCHRL retaliation claims against.

Specifically, Plaintiff requests that the Court: (1) clarify its determination in the February 16 Order that the managers and supervisors that Plaintiff is granted leave to replead under the NYSHRL and NYCHRL include the *additional* named managers and supervisors specifically identified in the PSAC, Dkt. No. 46, Ex. 2, to whom Plaintiff made *the separate* May 1, 2020 racial discrimination and non-compliance with Covid-19 protocol complaints to: Proposed Defendant Steve DOE, Whole Foods ("WFM") manager, PSAC, ¶ 23, and Proposed Defendant Phil DOE, Plaintiff's Amazon supervisor. PSAC, ¶ 24.

**ARGUMENT**

I. **Plaintiff seeks clarification of the Court's February 16 Order concerning those proposed defendants that Plaintiff may replead retaliation claims under the NYSHRL and NYCHRL**

In additional to Plaintiff's April 26, 2020 reporting and participation in protected activity as alleged in the PSAC, the February 16 Order's discussion of Plaintiff's protected activity claims also refers to Plaintiff's May 1, 2020 reporting of racial discrimination and non-compliance with Covid-19 safety protocols "**to *another* WFM manager and an Amazon manager, again about both racial discrimination and Covid protocol violations.**" (emphasis added) February 16 Order at 29. The PSAC identifies the May 1, 2020 WFM manager as Proposed Defendant Steve DOE:

> "23. Defendant "Steve DOE" is an individual and resident of New York State. He self-identifies as a BIPOC/POC male. During all times relevant to this action, he was and continues to be employed by Defendant Non-Employer Whole Foods as a manager at the WF 57th St. location. Defendant "Steve DOE" was not a co-worker or manager of Plaintiff at any time."

PSAC, ¶ 23; and, PSAC, ¶ 60-65, including:

> "62. Plaintiff could no longer tolerate this workplace violence and immediately asked for the Customer Service to contact the Defendant Non-Employer Whole Foods Manager "Steve DOE (WF)." When Defendant "Steve DOE" arrived and adjusted his mask properly, Plaintiff asked if he would talk with her along with the Amazon Defendants' manager Defendant "Phil DOE" upstairs at the Amazon workplace concerning the violent innocent that just took place. Plaintiff had never spoken to or met Defendant "Steve DOE (WF)" before. He agreed, and no conversation took place before Defendant "Phil DOE (AZ)" joined them.
>
> 63. Plaintiff asked Defendant "Phil DOE (AZ)" to speak with Plaintiff and Defendant "Steve DOE (WF)" in a private area above the stairs. Plaintiff maintained 6 feet distance amongst the three with Defendant "Phil DOE" next to Plaintiff's right and Defendant "Steve DOE (WF)" further away, across from Plaintiff and to the right of Defendant "Phil DOE (AZ)". Plaintiff wore her plastic face shield as well as her two masks on and asked if the Defendants could hear her. Plaintiff described the incident and violence committed by Defendant "JOHN DOE (WF)" Whole Foods meat counter employee, and stated that she was being harassed pursuant to Amazon and Whole Foods "fostering a race-based bias and

>discriminatory workplace" in which non-BIPOC/POC like Plaintiff are being illegally targeted and discriminated against as well as targeting Plaintiff for complying with the Covid-19 safety protocols. Plaintiff made additional workplace hostile work environment/bias/discrimination, and Covid-19 non-compliance with safety protocol complaints, as well as stated again that customers should be notified when Whole Foods and Amazon Shopper employees are Covid-19 positive."

PSAC ¶¶ 62, 63.

The PSAC identifies the May 1, 2020, Amazon manager as Proposed Defendant Phil DOE:

>24. Defendant "Phil DOE" is an individual and resident of New York State. He self-identifies as an Asian male. During all times relevant to this action, he was and continues to be employed by the Amazon Defendants as an area manager for and at WF 57th St. location, and was one of Plaintiff's managers and supervisors.

PSAC, ¶ 24; and PSAC ¶¶ 60-65, including PSAC, ¶¶ 62 and 63, *quoted above*.

The retaliation claims Plaintiff was granted leave to replead concern *both* of Plaintiff's separate alleged protected activities occurring on April 26, 2020 and May 1, 2020, *see* February 16 Order at 29 ("**b. Plaintiff's Protected Activity** The PSAC alleges that Plaintiff engaged in protected activity on April 26 and May 1, 2020."), and the proposed defendants' retaliatory response to Plaintiff's protected activities.

The PSAC identifies - and attempts to identify as best as Plaintiff possibly could - the managers and supervisors and other employees involved in the claims alleged, as Plaintiff only knew them by their first names. Not only is this action at the *pre-answer* stage, no discovery has taken place, and all discovery was stayed on upon the request of Defendant Dixon on August 8, 2022, Dkt. No. 41. However, despite not knowing the last names of the managers and supervisors and other employees, Plaintiff identified the managers and supervisors adequately enough in the PSAC to the extent that the managers and supervisors are easily identifiable by Defendant Dixon and the other proposed defendants (i.e., they know exactly who they are), as the PSAC also alleges Defendant Davy Cumberland sent an email to Proposed Defendants Steve

DOE and Phil DOE after Plaintiff made her complaints, in order to conspire with them to retaliate against Plaintiff. *See, e.g.,* PSAC ¶ 79:

> "79. Defendant Davy Cumberland (WF) sent at least one E-Mail to Lindsey S. Dixon, and other Third Parties including the whole store management team of Whole Foods at WF 96th St. *and* conspiring with Defendant Steve DOE and Phil DOE at Whole Foods WF 57th St. making the following false statements concerning Plaintiff and Plaintiff's conduct, including, but not limited to the following:…"

PSAC, ¶ 79. And, also, for example, Proposed Defendants Steve DOE and Phil DOE's failure to report Plaintiff's complaints to the appropriate investigatory division described their role in the part of the PSAC labeled "**F. Amazon Retaliation Scheme**", PSAC, p.29:

> "67. RE: May 3[sic], 2020 Workplace Complaints (WF 57th St. ): Not one individual from Amazon Defendants, including from the Amazon Human Resources Department responsible for dealing with workplace complaints and safety violations like Defendant Jennifer Hutt (AZ), or from Defendant Non-Employer Whole Foods, nor Plaintiff's Amazon Managers ever spoke to Plaintiff about Plaintiff's May 3[sic], 2020 Workplace and Covid-19 Safety Protocol Non-compliance Complaint or any investigation of Plaintiff's complaints."

PSAC, ¶ 67.

The PSAC is comprised of 66 pages and concerns numerous claims and proposed defendants, many of whose last names are unknown to Plaintiff at this time and were referred to with "DOE" designations. As a result, the Court may have mistaken that these managers and supervisors, Proposed Defendant Steve DOE and Proposed Defendant Phil DOE, to whom Plaintiff made the May 1, 2020 protected activity complaints to as alleged in the PSAC, were not named or identified as to those incidents, the subsequent conversations with Defendants Cumberland and Dixon, and subsequent conduct comprising of their aiding and abetting and participating in the retaliatory conduct against Plaintiff.

II.  **Plaintiff seeks clarification that Plaintiff was granted leave to replead retaliation claims under the NYCHRL against Amazon, Prime Now, LLC and WFM for their vicarious liability for the additional acts of managers and supervisors Proposed Defendants Steve DOE and Phil DOE.**

In the event that the Court clarifies that the Proposed Defendants Steve DOE and Phil DOE, the managers and supervisors at the 59th Street workplace location to whom Plaintiff made the May 1, 2020 race discrimination complaints and Covid-19 protocol non-compliance complaints to and who as alleged in the PSAC participated in the retaliatory conduct, were included in the February 16 Order as defendants that Plaintiff was granted leave to replead retaliation claims under the NYSHRL and the NYCHRL, Plaintiff seeks clarification that that part of the February 16 Order that granted leave for Plaintiff to replead retaliation claims under the NYCHRL against Amazon, Prime Now, LLC and WFM also included retaliation claims against Amazon, Prime Now, LLC and WFM concerning their vicarious liability for the acts of managers and supervisors Proposed Defendants Steve DOE and Phil DOE's conduct. *See* February 16 Order, pp. 33-34.

## CONCLUSION

For the foregoing reasons, the Court should clarify whether (1) that part of the February 16 Order granting Plaintiff leave to replead the NYSHRL and NYCHRL retaliation claims against certain defendants <u>also includes</u> those Proposed Defendants that Plaintiff made the race discrimination and Covid-19 non-compliance complaints to on May 1, 2020 and who were identified in the PSAC and were alleged to have participated in the retaliation with Dixon and Cumberland resulting in the retaliatory actions against Plaintiff: <u>the WFM manager at Plaintiff's 59th Street workplace location Steve DOE</u> and <u>Plaintiff's Amazon manager at Plaintiff's 59th Street workplace location Phil DOE</u>, and, (2) that part of the February 16 Order that granted

6

Plaintiff leave to replead retaliation claims under NYCHRL against Amazon, Prime Now, LLC and WFM <u>also included</u> claims concerning the conduct of Steve DOE and Phil DOE.

Dated: New York, New York
March 2, 2023

          Respectfully submitted,

          /s/ *Marie Flaherty*
          MARIE FLAHERTY
          Plaintiff, pro se
          511 Avenue of the Americas #310
          New York, New York 10011
          Telephone: (212) 863-9631
          mflaherty0777@gmail.com

---

As stated in the Opinion and Order dated February 16, 2023, Plaintiff has leave to replead her retaliation claims against only Defendants Dixon, Cumberland, Amazon, Prime Now LLC and WFM. Plaintiff's claims against the other Defendants would be futile, not because Plaintiff fails to allege their last names, but because neither the FAC nor the PSAC contained any non-conclusory allegations that those Defendants played any role in the alleged retaliation against Plaintiff.

As stated in the Order dated March 2, 2023, at Dkt. No. 61, Plaintiff shall file her revised second amended complaint by **March 20, 2022**. Failure to file by that date may result in dismissal of the case.

So Ordered.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 62.

Dated: March 6, 2023
New York, New York

                                         LORNA G. SCHOFIELD
                                         UNITED STATES DISTRICT JUDGE