Marie Flaherty
511 Avenue of the Americas, #310
New York, NY 10011
(212) 863.9631
mflaherty0777@gmail.com

*[Signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Via ECF (temporary_pro_se_filing@nysd.uscourts.gov)

July 21, 2023

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Application for sanctions DENIED. The Court finds credible Defendants' request for an extension of time to file their motion to dismiss. Defendants have been put on notice that no further extensions will be granted absent compelling circumstances. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 141.
>
> Dated: July 24, 2023
>         New York, New York

RE: **Flaherty v. Dixon, and Does 1-50**, No. 22 Civ. 02642 (LGS)
**RE: Plaintiff's Cross-Motion for Sanctions against Defendants Lindsey S. Dixon, Amazon.com, Inc., Prime Now LLC, Whole Foods Market Group, Inc., and their JOINT Attorneys Littler Mendelson (Eli Freedberg, Esq. and Gary Moy, Esq.) in the form of (1) Striking that portion of this Court's June 26, 2023 Order granting Defendants request to file a Joint Motion to Dismiss [Dkt. No. 106], denying Littler Mendelson's July 20, 2023 request for extension, and ordering Defendants to file their Answers to the Second Amended Complaint by August 7, 2023, (2) ordering Littler Mendelson to cease from interfering in these proceedings on behalf of individuals they do not represent (3) granting Plaintiff Attorneys fees and costs, and other relief the Court deems just and proper.**

Your Honor:

I am the Plaintiff, *pro se,* in the above-referenced matter and a licensed attorney in the Commonwealth of Massachusetts. Plaintiff seeks Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure as well as pursuant to this Court's inherent authority in the form of an Order granting the relief numbered above.

**I. Littler Mendelson's Baseless Request for Extension to file Defendants' Joint Motion**

Plaintiff also submits this letter in response to and as a result of Defendants' Lindsey S. Dixon, Amazon.com, Inc., Prime Now LLC, and Whole Foods Market Group, Inc.'s June 20, 2023 (9:24 P.M. filed) frivolous and dilatory request by their purported attorneys Littler Mendelson (Eli Freedberg, Esq., Gary Moy, Esq.) to adjourn or extend time for these defendants to file their Joint Motion to Dismiss the Second Amended Complaint which is due today, July 21, 2023. [Dkt. No. 106, June 26, 2023].

Yesterday, July 20, 2023, at 4: 49 P.M., Plaintiff had filed - via the Pro Se Office email filing procedure - an opposition to Defendants Dixon, Amazon.com, Inc., Prime Now LLC, and Whole Foods Market Group, Inc.'s *anticipated* motion for extension of time to file their Joint Motion to

Dismiss due today, July 21, 2023 pursuant to this Court's June 26, 2023 Order [Dkt. No. 106], however, at this time, my opposition has not been entered into the docket by the Clerk.

After receiving the Littler Mendelson Defendants' anticipated motion for extension at 9:24 P.M. July 20, 2023, including baseless and false statements of fact and baseless legal argument, it became so blatantly clear that it is the calculated sanctionable policy of Littler Mendelson to delay, delay, delay, which is akin to interference with these legal proceedings and U.S. Constitutional rights for Plaintiffs in the United States to exercise their rights to redress. This conduct includes, but is not limited to: Defendants' law firm Littler Mendelson's *continuing* conduct of ignoring this Court's Orders, *e.g.,* refusing to comply with this Court's repeated orders [Dkt. No.s 106, 136] to Littler Mendelson to file Notice of Appearances for parties it alleges to represent and upon whose behalf Littler Mendelson has previously and continuously demanded relief for *despite no participation of or appearances by these individuals/entities*.

This calculated conduct by Littler Mendelson and Defendants also deprives Plaintiff of her civil and constitutional rights to evidence (*e.g.*, the Defendants' Motion to Dismiss papers will indicate Davy Cumberland's liability and other evidence that Plaintiff does not have access to since this Court stayed all discovery a year ago in this action upon Littler Mendelson's request in June **2022** [Dkt. 34]). This information is invaluable and necessary for Plaintiff to prosecute her *separate* Motion for Default Judgment against Davy Cumberland [Dkt. No.135].

Littler Mendelson's purported represented Defendants Amazon.com, Inc., Prime Now LLC, and Whole Foods Market Group, Inc. whose standing to appear is questionable, also violated this Court's Order [Dkt. 106] and failed to appear by June 29, 2023 pursuant to the June 26, 2023 Order, and only filed Notices of Appearance *after Plaintiff obtained signed Clerk's Certificate of Default for those defendants, too,*[Dkt. Nos. 124, 125, 126] on June 30, 2023 with Littler Mendelson's intent of wasting Plaintiff's time and interfering with her livelihood.

**II. The Sanctions requested are necessary and valid as Littler Mendelson has been previously warned in another case that such sanctions could be imposed "in other cases" for their continual similar sanctionable conduct.**

In the *same time frame* as Littler Mendelson's appearance for Defendant Amazon.com, Inc. in the 2021 EEOC federal investigation of Plaintiff Flaherty's claims in which Littler Mendelson submitted purposefully redacted relevant information from documents, including alleged witnesses names, and withheld documents, *i.e.*, interference with *that* federal investigation, in October 2021, in *Flores v. DISH Network LLC, et al,* (U.S.D.C., AZ CV-19-05293-PHX-ROS), a U.S. Federal Judge sanctioned Littler Mendelson for innumerable "baseless legal and factual statements" contained in court documents in a disability bias case.[1] *See, e.g.,* Exhibit A, attached hereto. And, the *Flores* Federal Judge further stated that:

> "While defense counsel [Littler Mendelson] address the statements identified by the court, they do not even attempt to excuse some of the most patently false statements at

---

[1] https://www.abajournal.com/news/article/judge-reprimands-littler-for-baseless-legal-and-factual-statements-in-disability-bias-case#:~:text=A%20federal%20judge%20in%20Phoenix,law%20firm%20in%20an%20Oct.

issue … **The only reasonable conclusion to draw is that [Littler Mendelson] did not, in fact, have** *a good faith legal or factual basis* **for many of the statements in their summary judgment filings**."[2] *Id,* (Order, Oct. 4, 2021).

And while the *Flores* Federal Judge stated that: "Any sanction must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4)," *id,* Littler Mendelson - *as a whole firm* - was warned:

"[Littler Mendelson] are reprimanded for their baseless legal and factual statements and **are warned that if similar conduct arises in another case, more severe sanctions may be imposed."** *Id.,* FN2.

This is that 'similar conduct' by Littler Mendelson 'aris[ing] in another case.' Littler Mendelson has been on notice of this sanctionable conduct for over 2 years and should not be rewarded for making a mockery of and ignoring U.S. Federal Court judges. *See, also, William Heath Hornady et al, v. Outokumpu Stainless USA LLC,* U.S. District Court for the S.D. of Alabama, No. 1:18-cv-00317 (Also in 2021, Littler Mendelson's misrepresentations to a federal court and withholding documents in Alabama cost the firm more than $63,000 in sanctions and a client).[3]

### III. Litter Mendelson's Baseless Legal and Factual Statements in its July 20, 2021 Request for Extension

Here, Littler Mendelson [Dixon, Amazon, Prime Now LLC, Whole Foods Market Group, Inc.]'s sanctionable delaying tactics on a briefing of their *second* motion to dismiss, including claims this Court had already addressed in Defendant Dixon's first motion to dismiss granting Plaintiff leave to amend in February 2023 [Dkt. No. 58, 68], include:

(1) Littler Mendelson's willful misleading and false statements to this Court that willful defaulter, employee of the Defendant Whole Foods Market Group, Inc. and not represented by Littler Mendelson, Davy Cumberland has the right to file a "motion to dismiss" continuing and further ignoring the Order to Show Cause [Dkt. No. 135], and;

(2) Littler Mendelson's false statement that Littler Mendelson needs more time "to prepare motion papers, *including incorporating new arguments* to account for *Mr. Cumberland's defense* (assuming we represent Mr. Cumberland, as we expect to do)" referring to 'new arguments' in Littler Mendelson's Motion to Dismiss…a Motion to Dismiss that willful defaulter Davy Cumberland that Littler Mendelson wants this Court to "assume" contrary to the Rules of Federal Procedure that Littler Mendelson 'represents' despite absolutely no evidence of such representation, has no standing to appear in because he defaulted;

(3) Littler Mendelson also made false statements with intent to mislead this Court and to interfere with these federal legal proceedings in its 11:05 P.M. July 14, 2023 letter to the Court

---

[2] https://www.abajournal.com/files/LittlerReprimand.pdf
[3] https://today.westlaw.com/Document/Iee5ccc40a47511eb8949c152e5987412/View/FullText.html?transitionType=Default&contextData=(sc.Default)&firstPage=true  ("Littler [Mendelson] loses client, faces sanctions after ex-shareholder kept docs from court."(April 23, 2021, Reuters)).

when it stated: "Mr. Cumberland made contact with our office *for the first time this week*." [Dkt. No. 30]. **Littler Mendelson has been a part of these claims defending Amazon and Whole Foods and the conduct of Davy Cumberland in the Federal EEOC investigation <u>in 2021 - for over two years</u>**. And, clearly, Littler Mendelson has been in contact with Davy Cumberland in its defense of Defendant Dixon since **March 2022.**

**IV. Unrepresented, willful defaulted Davy Cumberland's Show Cause briefing has no bearing on Separate Defendants' Motion to Dismiss:** In response to Littler Mendelson's July 14, 2023 letter, on July 18, 2023, this Court ordered Littler Mendelson to file an appearance for Davy Cumberland forthwith [Dkt. No. 136]. Littler Mendelson has failed to do so. On July 19, 2023, this Court signed an Order to Show Cause regarding Plaintiff's Motion for Default Judgment against Davy Cumberland, with set hearing date of August 9, 2023. [Dkt. No. 135]. Plaintiff duly served the Order to Show Cause for Default Judgment on July 20, 2023 [Dkt. No. 136]. Littler Mendelson has no standing to argue anything on behalf of defaulter Davy Cumberland.

Further, Plaintiff does not waive any rights by requesting the relief herein and expressly reserves her rights including to dispute the standing of certain defendants and to seek further and other relief and sanctions including default judgments against the Defendants.

WHEREFORE Plaintiff respectfully requests that this Court grant the relief requested herein and issue an Order imposing sanctions upon Littler Mendelson and Defendants: (1) striking that portion of this Court's June 26, 2023 Order granting Defendants request to file a Joint Motion to Dismiss [Dkt. No. 106], denying Defendants July 14, 2023 request for an extension to file Joint Motion to Dismiss, and ordering Defendants to file their separate Answers to the Second Amended Complaint by August 7, 2023, (2) ordering Littler Mendelson to cease from interfering in these proceedings on behalf of individuals they do not represent; (3) granting Plaintiff Attorneys fees and costs, and leave to file an Affidavit of Costs and Fees; and (4) other relief the Court deems just and proper.

                                              Respectfully submitted,
                                              /s/ Marie Flaherty
                                              *Plaintiff, pro se*

TO: All Counsel for Defendants via ECF