UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE FLAHERTY,

                Plaintiff,

    -against-

LINDSEY S. DIXON, et al.,

                Defendants.

22-CV-2642 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

    Defendants Lindsey S. Dixon, Amazon.com, Inc, Prime Now LLC, Whole Foods Market Group, Inc. and Davy Cumberland (collectively "Defendants") move to dismiss Plaintiff Marie Flaherty's ("Plaintiff" or "Flaherty") Second Amended Complaint (the "SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 147. For the reasons stated herein, Defendants' motion is DENIED and the case is REMANDED to the Supreme Court of New York, County of New York.

## BACKGROUND

    The facts of this case have been previously recited in the Court's Opinion and Order dated February 16, 2023 dismissing Plaintiff's First Amended Complaint (the "FAC"). ECF No. 58 (the "February 16 Order"). As such, the Court repeats only the relevant facts here.

    In addition to dismissing the FAC, the February 16 Order granted in part Plaintiff's motion for leave to file a second amended complaint. *Id.* at 33–34. The Court specified that Plaintiff could "file a revised version" of her proposed second amended complaint (the "PSAC") but limited her potential claims to "retaliation claims under the [New York State Human Rights Law (the "NYSHRL")] and [New York City Human Rights Law (the "NYCHRL")] against Dixon and Cumberland, and under the NYCHRL against Amazon[.com], Prime Now LLC and

[Whole Foods Market Group, Inc. ("WFM")]," and a "revised version of [her] tortious interference claim." *Id.* at 34. As the Court made clear, Plaintiff was "not granted leave to replead any of her other claims, which she has already had several opportunities to plead sufficiently and for which the [proposed Second Amended Complaint (the "PSAC")] provided no factual basis." *Id.* Finally, the Court advised Plaintiff that "because her proposed federal claims are futile, if she elects to replead state-law claims and include Defendants who are citizens of the same state(s) of which Plaintiff is a citizen, the Court will have discretion to remand the case to state court." *Id.*

On March 2, 2023, Plaintiff filed a motion seeking clarification of the Court's instructions regarding Plaintiff's leave to amend and seeking leave to name additional defendants. *See* ECF Nos. 62, 63 at 6. On March 6, 2023, the Court, in a Memo Endorsed Order, explained that "Plaintiff has leave to replead her retaliation claims against only Defendants Dixon, Cumberland, Amazon, Prime Now LLC and WFM," and denied Plaintiff leave to replead claims against additional defendants as such claims "would be futile . . . because neither the FAC nor the PSAC contained any non-conclusory allegations that those Defendants played any role in the alleged retaliation against Plaintiff." ECF No. 64–65.

Plaintiff filed the SAC on March 21, 2023, which alleges causes of actions only under New York State law, specifically the NYSHRL, NYCHRL and New York State common law (tortious interference). ECF No. 67 ("SAC") at 64–80. In the SAC, Plaintiff impermissibly replead discrimination claims under the NYSHRL and NYCHRL and named additional unnamed defendants (the "Doe Defendants"), despite the Court's explicit instructions to the contrary. *Id.* As the Court previously dismissed Plaintiff's discrimination claims and twice made clear that Plaintiff was not permitted to add the Doe Defendants, the Court will not consider these claims, or any claims made against the Doe Defendants.

## DISCUSSION

The Court must first examine its jurisdiction to decide this case. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte."); *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) (citation omitted) ("We turn first, as we must, to the issue of our jurisdiction. Although neither party has suggested that we lack [] jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."). "[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 83 (2d Cir. 1990). Consistent with that proposition, a "district court will remand a case, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Thorstenson v. Sinomax USA, Inc.*, No. 19-CV-1809 (VAB), 2020 WL 5594117, at *3 (D. Conn. Sept. 18, 2020) (quoting 28 U.S.C. § 1447(c)) (cleaned up).

Here, it is undisputed that the only potential source of federal subject-matter jurisdiction is diversity of citizenship pursuant to 28 U.S.C. Section 1332(a), under which federal courts may "hear civil actions between citizens of different State as long as the matter in controversy exceeds . . . $75,000." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting 28 U.S.C. § 1332) (internal quotation marks omitted). Diversity jurisdiction exists only if "diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Id.* (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)).

A review of the SAC reveals that both Plaintiff and Defendant Cumberland are citizens of New York State. SAC ¶¶ 16, 21. Therefore, diversity does not exist among the parties, and the Court lacks subject matter jurisdiction over this action. Accordingly, the Court must remand this action to the Supreme Court of New York, County of New York.

Defendants, recognizing the Court's lack of jurisdiction, nonetheless argue that the Court should keep this action primarily because Plaintiff has a "Notice of Right to Sue letter" from the United States Equal Employment Opportunity Commission and thus "can file federal Title VII retaliation claims," over which the Court would have subject matter jurisdiction. ECF No. 162 at 2–3. However, Plaintiff never filed this claim, and the Notice of Right to Sue was issued more than 90 days ago. *See* ECF 163-2 at 1 ("Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.") (emphasis in original). Without a federal claim or diversity jurisdiction, the Court lacks jurisdiction over the instant matter. Accordingly, Defendants' motion to dismiss for failure to state a claim, *see* ECF No. 147, is denied as moot.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED as moot. The Clerk of Court is respectfully directed to terminate ECF No. 147 and remand this case to the Supreme Court of New York, County of New York, and to close this case.

Dated: March 22, 2024
New York, New York

SO ORDERED.

_____
JESSICA G. L. CLARKE
United States District Judge